**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDIN HUSIDIC D/B/A AMA EXPRESS, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:24-cv-04253 |
| FR8 SOLUTIONS, INC., ALEN KAJDIC, and AZRA BEGOVIC, | ) ) ) | |
| Defendants. | ) ) | |

**<u>DEFENDANTS' RULE 12(b)(2) MOTION TO DISMISS</u>**

Defendants FR8 Solutions, Inc. ("FR8"), Alen Kajdic ("Kajdic"), and Azra Begovic ("Begovic") (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(2), hereby move to dismiss this action for lack of personal jurisdiction and in support of which state as follows:

**INTRODUCTION**

The twenty-one (21) Plaintiffs to this action bring this case on behalf of themselves and other truck drivers who did work for FR8 as independent contractors. *See* ECF #1 at ¶1. Plaintiffs allege that despite contracting with FR8 to receive 88% of the linehaul rate, FR8 Chief Executive Officer Kajdic and FR8 accountant Begovic devised a scheme to underpay Plaintiffs and a class of truck drivers by altering load rates contained in load rate confirmations sent to FR8. *Id.* at ¶¶1, 24-25. Plaintiffs seek relief against FR8 for breach of contract (Count II) and against Kajdic and Begovic individually for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO), 18 U.S.C. § 1962(c) (Count I). *See generally* ECF #1.

FR8 is a Florida corporation with its principal place of business in Jacksonville, Florida. *See* Kajdic Declaration at ¶10, attached hereto as **Exhibit A**; Begovic Declaration at ¶10, attached

hereto as **Exhibit B**. Kajdic and Begovic reside in Saint Augustine, Florida and Jacksonville, Florida, respectively, and both work from FR8's office in Jacksonville, Florida. *See* **Exhibit A** at ¶¶5, 11; **Exhibit B** at ¶¶5, 11. FR8 does not have any offices or employees in Illinois, does not own property in Illinois, does not transact business in Illinois, and is not registered to do business in Illinois. *See* **Exhibit A** at ¶12; **Exhibit B** at ¶12. Moreover, all of the events with operative significance to this case occurred in Jacksonville, Florida. The subject contracts were offered and executed by Plaintiffs at FR8's Jacksonville, Florida office. *See* **Exhibit B** at ¶¶16-18; *see also* **Exhibit A** at ¶15. Payment calculations relative to contracted drivers, including Plaintiffs, are processed and approved from FR8's office in Jacksonville, Florida. *See* **Exhibit A** at ¶17; **Exhibit B** at ¶22. And payments, including electronic payments, to contracted drivers, including Plaintiffs, are authorized and initiated from FR8's office in Jacksonville, Florida. *See* **Exhibit A** at ¶18; **Exhibit B** at ¶23.

## STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a matter for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction over a defendant. *Steel Warehouse v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). A plaintiff's jurisdictional allegations are accepted as true unless proved otherwise by the defendant's affidavits or exhibits. *See Purdue Research Found. V. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783.

## ARGUMENT

In a case where a federal court's jurisdiction is invoked via a federal question, as is the case

here, the court has personal jurisdiction over a defendant if service of process upon that defendant would be authorized either by the federal statute under which the plaintiff sues, or the law of the state where the court sits. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Associates of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Relevant here, is the Illinois long-arm statute "catch-all" provision that "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714 (7th Cir. 2002) (citing 735 ILCS 5/2-209(c)). Because the Seventh Circuit has "yet to find any operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," courts "may collapse the personal jurisdiction analysis under Illinois law into the constitutional inquiry[.]" *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008) (internal quotation marks omitted). Thus, "it is enough [in Illinois] to evaluate the limits that the Fourteenth Amendment due process places on state exercise of personal jurisdiction." *Hyatt Int'l*, 302 F.3d at 715-16; *see also Graver v. Pinecrest Volunteer Fire Dep't*, 2014 IL App (1st) 123006, *P13 (Ill. App. Ct. 2014) (the Illinois long-arm statute is "co-extensive with the due process requirements of the Illinois and United States Constitutions" and so the analysis focuses on the singular issue of whether exercising personal jurisdiction satisfies constitutional due process).

As explained next, nationwide service is available under RICO when at least one of the RICO defendants is subject to jurisdiction in the chosen forum and the ends of justice require such service. Thus, before finding nationwide service is available, this Court must first determine whether there is jurisdiction over at least one RICO defendant and/or whether the ends of justice are satisfied through nationwide service. Here, jurisdiction is lacking over each of the Defendants because exercising either general or specific jurisdiction over Defendants would not comport with federal due process requirements. Additionally, allowing nationwide service over the RICO

3

defendants does not serve the ends of justice in this particular case. Thus, nationwide service is not available and this case should be dismissed as to all of the Defendants for lack of personal jurisdiction.

I. **NATIONWIDE SERVICE NOT AVAILABLE UNDER RICO IF NO RICO DEFENDANT IS SUBECT TO PERSONAL JURISDICTION IN THE FORUM AND/OR WHERE THE ENDS OF JUSTICE DO NOT REQUIRE SUCH SERVICE.**

With respect to nationwide service under RICO, 18 U.S.C. § 1965(b) states as follows:

In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ***ends of justice require*** that ***other parties residing in any other district*** be brought before the court, the court may cause ***such parties*** to be summoned, and ***process for that purpose*** may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b) (emphasis added). Although the Seventh Circuit has not yet directly addressed the issue, the majority view among the Circuits is that § 1965(b) authorizes nationwide service of process **only** when a "civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant" and nationwide service on other defendants would further the ends of justice. *Corry v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1231 (10th Cir. 2006); *see also FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1099-1100 (D.C. Cir. 2008); *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71-72 (2d Cir. 1998), *superseded by statute on other grounds*; *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

As the Second Circuit aptly explained in *PT United*:

Reading all of the subsections of § 1965 together . . . § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. First, § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contact is established as to at least one defendant.

4

Second, § 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that the "ends of justice" so require. This is an unsurprising limitation. There is no impediment to prosecution of a civil RICO action in a court foreign to some defendants if it is necessary, but the first preference, as forth in § 1965(a), is to bring the action where suits are normally expected to be brought. Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.

Next, § 1965(c) simply refers to service of subpoenas on witnesses. Thus, § 1965(d)'s reference to "all other process," means process other than a summons of a defendant or subpoena of a witness. This interpretation, one which gives meaning to the word "other" by reading sequentially to understand "other" as meaning different from that already stated in subsections (a)-(c), gives coherent effect to all sections of § 1965, and effectively provides for all eventualities without rendering any of the sections duplicative, without impeding RICO actions and without unnecessarily burdening parties.

*PT United*, 138 F.3d at 71-72. Numerous courts in this district have found the majority's reasoning persuasive. *See e.g.*, *3DGS, LLC v. Chai Trust Co., LLC*, 2020 U.S. Dist. LEXIS 235336, *20-21 (N.D. Ill. Dec. 15, 2020) ("Put simply, RICO authorizes nationwide service of process if at least one defendant has minimum contacts with the forum, and the ends of justice require bringing the other defendants into that forum. . . . With no Illinois defendant in the case, the ends of justice don't require hailing the [other] defendants into court here."); *Midamines SPRL Ltd. v. KBC Bank N.V.*, 2019 U.S. Dist. LEXIS 158036, *11-12 (N.D. Ill. Mar. 4, 2019) ("In view of the Court's finding that it has no personal jurisdiction over either KBC defendant, then § 1965(b) cannot be invoked to confer personal jurisdiction on either defendant."); *Bartlett v. Bartlett*, 2017 U.S. Dist. LEXIS 3932, *9-10 (N.D. Ill. Jan. 11, 2017) ("courts understand § 1965(b) to allow out-of-district defendants to be haled into a venue that is proper to at least one defendant, if doing so is in the 'ends of justice'"). So too should this Court. Moreover, as explained below, this Court is without personal jurisdiction over Defendants. And because this Court is without personal jurisdiction over

the RICO defendants, § 1695(b) cannot be invoked to confer personal jurisdiction on either.

Furthermore, even if § 1695(b) could be interpreted to allow for nationwide service over Kajdic and Begovic, the ends of justice do not require such service here. In undertaking the "ends of justice" analysis, courts consider a variety of factors including: (1) the location of the parties, witnesses, records, and acts or omissions giving rise to the claims; (2) whether judicial economy favors trying the action in one court; (3) whether the current venue would promote the orderly and expeditious disposition of the case; and (4) whether there exists an alternative forum where venue is proper. *See Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 42 (D.D.C. 2003) (citing cases). Here, all of the aforementioned factors favor a finding that the "ends of justice" would not be served by exercising jurisdiction through nationwide service. First, as explained more fully in Defendants' Motion to Transfer Venue filed concurrently herewith, the bulk of the parties, witnesses, and records are located in Florida and the events giving rise to the claims also occurred in Florida. Next, while judicial economy favors trying the breach of contract and RICO claims in one action, a procedural obstacle exists to doing so in this forum because as explained *infra*, this Court does not have personal jurisdiction over FR8. The lack of jurisdiction over FR8 and improper venue (as argued in the contemporaneously filed motion) also impede an expeditious and orderly adjudication of this matter in this venue. Lastly, there can be no dispute that the Middle District of Florida, Jacksonville Division, where each of the Defendants reside, is a proper venue for this action and that said district court has jurisdiction over all of the Defendants. Based on the foregoing, it is in the interests of justice to reject jurisdiction over the RICO defendants even if nationwide service is available and have the complaint heard in Florida instead.

## II. EXERCISING JURISDICTION OVER DEFENDANTS DOES NOT COMPORT WITH FEDERAL DUE PROCESS REQUIREMENTS.

The Due Process Clause of the Fourteenth Amendment authorizes personal jurisdiction

over out-of-state defendants when the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). This conception of "fair play and substantial justice" led to the development of two (2) categories of personal jurisdiction. The first category is represented by *International Shoe* itself in that the suit arose out of defendant's contacts with the forum. *See id.* at 317-18. Today, this adjudicatory authority is known as "specific jurisdiction." *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). The second category arises in situations where a foreign defendant's "operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities" otherwise known as general jurisdiction. *International Shoe,* 326 U.S. at 318.

A.    GENERAL JURISDICTION IS NOT SUPPORTED BY THE EVIDENCE OR ALLEGATIONS.

The Supreme Court made clear in *Daimler* that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (internal quotations omitted). The "at home" test restricts general personal jurisdiction for corporations to little more than the state of incorporation or principal place of business. *Id.* ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'"). Thus, "following *Daimler* [it is] incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *TK Prods. V. GHP Grp., Inc..* 2022 U.S. Dist. LEXIS 178026, *6 (D. Ore. 2022) (internal quotations omitted); *see also Kipp v. Ski Enter. Corp.*

7

*of Wis., Inc.*, 735 F.3d 695, 698 (7th Cir. 2015) ("In recent years, the Supreme Court has clarified and, it is fair to say, raised the bar for this type of jurisdiction. Because general jurisdiction exists even with respect to conduct entirely unrelated to the forum state, the Court has emphasized that it should not lightly be found.").

As explained *supra*, FR8 is not incorporated in Illinois, nor does it have its principal place of business here. Similarly, neither Kajdic nor Begovic are domiciled here. Nothing in Plaintiffs' Complaint suggests Defendants are otherwise subject to all-purpose jurisdiction here. *See generally* ECF #1. Thus, the demanding standard set forth by the Supreme Court for purposes of exercising general jurisdiction is not satisfied here.

B.   A FINDING OF SPECIFIC JURISDICTION IN THIS CASE IS INCONSISTENT WITH FEDERAL DUE PROCESS STANDARDS.

As the Seventh Circuit has elucidated, in analyzing specific jurisdiction, a court "must decide whether a defendant has purposely established minimum contacts within the forum State and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1277 (7th Cir. 1997) (internal quotation marks omitted). "Crucial to the minimum contacts analysis is showing that the defendant should reasonably anticipate being haled into court [in the forum State], because the defendant has purposefully availed itself of the privilege of conducting activities here." *Id.* (internal quotation marks omitted). Specific jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* More specifically, "[t]o satisfy due process, specific jurisdiction requires that the suit 'arise out of' or 'be related to' [the defendant's] contacts with the forum state." *Steel Warehouse*, 154 F.3d at

8

714. Thus, "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (internal quotations omitted); *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state.") (emphasis in original). Here, this requirement means that Plaintiffs' RICO and breach of contract claims must arise from Defendants' activities in Illinois. *See Steel Warehouse*, 154 F.3d at 714.

Federal courts utilize a three-part test to determine whether specific jurisdiction exists. Specific jurisdiction is appropriate where: (1) the defendant purposefully directs its activities at the forum or purposefully availed themselves of the privilege of conducting business in the forum; (2) the alleged injury is related to, or arises out of, these forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *See In re Sheehan*, 48 F.4th 513, 522 (7th Cir. 2022); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Aero Prods. Int'l v. Intex Corp.*, 2002 U.S. Dist. LEXIS 17948, *11 (N.D. Ill. Sept. 19, 2002). Where claims arise from breach of contract, the first prong inquiry focuses on whether the defendant "purposefully availed" himself of the privilege of conducting business or engaging in a transaction in the forum state. *See Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden of proving the first two prongs in the analysis, but if the plaintiff is successful, the burden then shifts to the defendant to make a case that the exercise of personal jurisdiction would be unreasonable. *Schwarzenegger*, 374 F.3d at 802. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715

9

F.3d 716, 742 (9ᵗʰ Cir. 2013); *see also Aero Prods.*, 2002 U.S. Dist. LEXIS 17948 at *11 (all three prongs must be met to exercise jurisdiction over the defendant).

With respect to the first jurisdictional prong, purposeful direction, Courts utilize the three-factor effects test. *Tamburo*, 601 F.3d at 703; *Picot v. Weston*, 780 F.3d 1206, 1213 (9ᵗʰ Cir. 2015). Under this test, a defendant purposefully directs its activities at the forum if it: (1) commits an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Tamburo*, 601 F.3d at 703; *Picot*, 780 F.3d at 1214. In applying this test, courts must "look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden,* 571 U.S. at 285; *see also In re Sheehan*, 48 F.4ᵗʰ at 522 ("[Supreme Court] guidance informs us that our assessment of personal jurisdiction must focus on the acts and activities of the defendant. The relationship between the defendant and the forum must arise out of contacts that the defendant himself creates with the forum State.") (internal quotations and citations omitted)). Thus, "the plaintiff cannot be the only link between the defendant and the forum" and "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 285, 290; *see also In re Sheehan*, 48 F.4ᵗʰ at 523 ("This focus on a defendant's activities means that it is not enough that the defendant took some action that ultimately had an effect on the plaintiff in the forum. . . . This is true even if the defendant could have foreseen the effect on the plaintiff – that is, that the plaintiff would be harmed in the forum."). In other words, "[t]he proper question is not where the plaintiff experienced a particular injury or effect, but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290.

Here, there is no evidence or allegations to support that Defendants engaged in any meaningful forum related activities and/or transacted business in this State. First, even to the extent

any Defendant could be said to have directed one or more wire transfers into Illinois and/or communicated with any plaintiff while they were residing in and/or driving through Illinois, such dealings are not enough to confer jurisdiction. *See Asset Allocation & Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 569-570 (7th Cir. 1989) (holding that payment and communications into Illinois not enough to subject out-of-state defendant to personal jurisdiction in Illinois); *Advanced Tactical*, 751 F.3d at 803 (misleading emails to Illinois residents not sufficient to confer jurisdiction because the "connection between the place where an email is opened and a lawsuit is entirely fortuitous"); *see also Tri-Meats, Inc. v. NASL Corp.*, 2001 U.S. Dist. LEXIS 3470, *25 (N.D. Ill. Mar. 31, 2001) (wire transfers into Illinois "not enough" to subject payer to personal jurisdiction); *FCNBD Mortg. Invs., Inc. v. CRL, Inc.*, 2000 U.S. Dist. LEXIS 11174, *12-13 (N.D. Ill. Aug. 3, 2000) (where wire transfer is initiated is the focus and thus mere payment directed to Illinois not enough to confer jurisdiction). Moreover, "[i]t is well settled that a non-resident defendant, [like FR8], does not subject itself to personal jurisdiction in Illinois simply by entering into a contract with an Illinois resident." *Ameritech Servs. v. SCA Promotions, Inc.*, 2000 U.S. Dist. LEXIS 3067, *7 (N.D. Ill. Mar. 3, 2000) (citing *RAR*, 107 F.3d at 1277). Indeed, the "common thread" which leads Illinois courts to dismiss for lack of personal jurisdiction in breach of contract cases is "the lack of contract negotiation, formation, or performance in Illinois." *FCNBD*, 2000 U.S. Dist. LEXIS 11174 at *13. That thread continues here as none of the requisite activities were performed in Illinois. First, as explained *supra*, the subject agreements were made in Jacksonville, Florida, where they were offered and executed. Moreover, FR8 performed its portion of the contract from its offices in Jacksonville, Florida, where payment was authorized and initiated. *See Maurice Sterberg, Inc. v. James*, 577 F. Supp. 882, 885-86 (N.D. Ill. 1984) (the place where a plaintiff is to perform a contract is irrelevant to the

11

determination of personal jurisdiction; the jurisdictional inquiry focuses on the acts of the defendant).

At best, Plaintiffs have suggested that as to the four (4) of them that reside in Illinois, they experienced an injury or effect here. But as explained *supra*, that is not enough to confer specific jurisdiction. The aforementioned Supreme Court precedent and the Seventh Circuit's decision in *In re Sheehan* is dispositive on this issue: "when a plaintiff is injured by acts that a defendant commits entirely within one forum . . . the fact that the plaintiff suffers the negative effects of those acts in his home forum (in this case, Illinois), does not confer personal jurisdiction over the defendant in the latter forum." *In re Sheehan*, 48 F.4th at 524 (citing *Mobile Anesthesiologists*, 623 F.3d at 444). Thus, Plaintiffs have not and cannot satisfy their burden of proving purposeful direction so as to satisfy the first prong of the personal jurisdiction test.

To summarize, Plaintiffs have not established the requisite connection between suit-specific activities and the forum. "Specific jurisdiction cannot lie without a connection between the defendants' [forum] activity and the claims alleged in the complaint." *Steel Warehouse*, 154 F.3d at 715. Thus, federal due process standards for exercising specific jurisdiction are not satisfied here.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion and dismiss the lawsuit for lack of personal jurisdiction. Plaintiffs cannot meet their burden of showing that asserting jurisdiction over Defendants comports with federal due process standards. First, Plaintiffs have not demonstrated and cannot demonstrate that Defendants are subject to all-purpose jurisdiction here. Additionally, the alleged scheme and underpayments has no demonstratable connection to Illinois, other than four (4) of the Plaintiffs allegedly residing here.

Plaintiffs' residence and the forum in which some of the Plaintiffs may have experienced the effects of Defendants' alleged actions, is not enough to demonstrate that Defendants expressly aimed their actions at Illinois. And without purposeful direction, there is no specific personal jurisdiction over Defendants under federal due process standards. Moreover, because personal jurisdiction does not exist over either of the RICO defendants, § 1695(b) cannot be invoked to confer jurisdiction under RICO. Even if it could, exercising jurisdiction over the individual defendants through nationwide service would not further the ends of justice as Florida is a more appropriate venue.

Respectfully submitted,

**FR8 SOLUTIONS, INC.,**
**ALEN KAJDIC, &**
**AZRA BEGOVIC**

*/s/ Katherine M. Saldanha Olson*
Katherine M. Saldanha Olson (IL Bar #6310080)
Messer Strickler Burnette, Ltd.
142 W. Station St.
Barrington, IL 60010
Tel.: (312) 334-3444
Fax: (312) 334-3473
kolson@messerstrickler.com
*Attorney for Defendants*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 16, 2024 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Katherine M. Saldanha Olson*
Katherine M. Saldanha Olson
*Counsel for Defendants*
